IDA WHITE, APPELLANT, V. NATIONAL WINDOW CLEANING COMPANY ET AL., APPELLEES.

271 N. W. 341

FILED FEBRUARY 5, 1937. No. 30032.

*Leon & White* and *Louis E. Lipp*, for appellant.

*Gaines, McLaughlin & Gaines* and *Kennedy, Holland, De Lacy & Svoboda*, contra.

Heard before ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and KROGER, District Judge.

KROGER, District Judge.

This is an appeal from an order of the district court for Douglas county denying plaintiff's claim for compensation under the workmen's compensation law, based upon the death of her husband. The facts are not in dispute.

The National Window Cleaning Company is a corporation organized in the year 1924 by the deceased and two others, and was engaged at all times in the business of washing and cleaning windows in offices, store buildings and dwellings in the city of Omaha. The deceased, Joe White, was president of said company and, in addition to his duties as president and stockholder, he did actual washing of windows, for which he was paid a weekly wage of $25 by the company.

In the spring of 1933 the J. C. Penney Company, Inc., was preparing to open a store in Omaha, and during the latter part of January or the forepart of February its local manager contacted the National Window Cleaning Company by telephone and the deceased, Joe White, came to see him and, on behalf of his company, negotiated a contract, which was verbal, for the cleaning of the windows of the building occupied by the J. C. Penney Company store, for an agreed compensation of $20 a month. At that time the local manager of the J. C. Penney Company inquired of deceased if the National Window Cleaning Company carried compensation insurance and was informed by deceased that they did have such insurance.

On March 14, 1933, deceased was washing a window on the second floor of the J. C. Penney Company building and while so employed fell to the sidewalk, sustaining injuries from which he died on March 16, 1933. He left surviving him the appellant, Ida White, his widow, and three children, who were dependent upon him for support.

It further appears from the evidence that the National Window Cleaning Company did have a standard workmen's compensation insurance policy, issued by a company licensed to do business in this state, but this policy had attached to it an indorsement showing that the three officers

and stockholders of the National Window Cleaning Company, of which the deceased Joe White was one, had rejected the provisions of the workmen's compensation act of the state of Nebraska. The deceased had also filed an election and notice of rejection of the terms, conditions and provisions of Part II of the Nebraska workmen's compensation act with the National Window Cleaning Company and the Nebraska compensation commissioner, which notice had not been revoked at the time of the fatal accident.

It is the contention of appellant that the J. C. Penney Company was an employer of the deceased under the provisions of section 48-116, Comp. St. 1929, and that the election of the deceased not to be bound by the provisions of the workmen's compensation law applied only to his relationship with the National Window Cleaning Company, his immediate employer.

Appellant's claim that the J. C. Penney Company was an employer of the deceased at the time of the fatal accident is based on the contention that, at the time of entering into the contract, the J. C. Penney Company did not require the National Window Cleaning Company to carry compensation insurance for its employees. Inquiry was made as to whether such insurance was carried, and answered in the affirmative; the National Window Cleaning Company did carry compensation insurance for all of its employees excepting those who had filed an election not to come under the act. The workmen's compensation law does not contemplate that an employee be forced to come under its provisions, but, by its express terms, provides means whereby the employee may elect not to be bound thereby and be left to his common-law action for damages arising from actionable negligence. The deceased had made this election and his action is binding upon his dependents. Under the particular circumstances in this case, it is not necessary to determine whether or not the inquiry made by the J. C. Penney Company amounted to a requirement that the National Window Cleaning Company carry compensation insurance for its employees, because the deceased, in any

event, would not have benefited by such a requirement, he having filed his election not to be bound by the workmen's compensation law.

Under the facts in this case, we hold that the J. C. Penney Company was not an employer within the meaning of section 48-116, Comp. St. 1929.

Appellant argues that the election of deceased not to come under Part II of the compensation act was restricted to the National Window Cleaning Company, his immediate employer, and therefore could not affect the liability of the J. C. Penney Company. The notice was addressed to the National Window Cleaning Company and the Nebraska compensation commissioner and refers to personal injuries "which the undersigned may receive, if any, arising out of and in the course of employment *with the employer above named*." (Italics ours.)

This court is committed to the rule that the compensation act is to be liberally construed and the act itself provides that all contracts of employment are presumed to be subject to the provisions of Part II thereof, unless the employer or employee expressly rejects the same.

In the light of the statutory provisions and the decisions of this court, what was the intention of the deceased when he executed the notice of election and what was the legal effect of the same?

From the very nature of their work the employees of the National Window Cleaning Company were, at all times while employed, on the premises of and technically executing work for some other person, firm or corporation. This was well known to the deceased when he executed the notice of election. For this court to say that under those conditions and circumstances it was the intention of the deceased to reject the compensation act so far as the National Window Cleaning Company was concerned, but not as to any person, firm or corporation for whom the work was being done, would be giving the deceased a protection he, as an officer of the National Window Cleaning Company, did not desire to pay for, and which, as an employee, he

had rejected. Logic compels us to the conclusion that it was the intention of the deceased to reject Part II of the compensation act as to any injuries sustained by him while employed by the National Window Cleaning Company and that the waiver also extended to those for whom the work was being done.

The judgment of the trial court was correct and is·

AFFIRMED.